RECEIVED
MAR 0 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Powell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 1:06-cv-01860 (RJL) |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## OPPOSITION TO MOTION TO DISMISS

Defendant, through Counsel, has moved to dismiss the complaint in the above captioned action for lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Defendant's motion fails on both grounds, as follows:

## JURISDICTION IS PROPER

Clearly, the Court has subject matter jurisdiction of over the instant action, which is brought under Title 26 U.S.C. Section 7431(a)(1). Counsel's contrary arguments are groundless; Counsel's opinions regarding whether or not §7431 and §7433 should coexist are unpersuasive and irrelevant. Absent action from Congress, the presumption that Congress intended both §7431 and §7433 to coexist and be available to taxpayers must prevail.

## PLAINTIFF CLEARLY STATES A CLAIM
## UPON WHICH RELIEF CAN BE GRANTED

Counsel incorrectly argues that Plaintiff failed to state a claim. Plaintiff has adequately alleged violations of specific sections of the Internal Revenue Code. Moreover, Plaintiff is suing under 26 U.S.C. 7431, and as such, Plaintiff is not required to submit an administrative claim. That Counsel appears to argue, or simply disagree with Congress, as to the coexistence and availability of §7431 and §7433 is irrelevant. Counsel is without the power or authority to affect or amend such legislation.

## QUESTION PRESENTED

Can Counsel for the defendant, through apparent misreading, mischaracterization, and misrepresentation of the case at bar, effect a stealth repeal of a statute enacted by Congress?

## DISCUSSION

Congress is fully aware of the existence and availability of both §7431 and §7433. Further, Congress has not seen fit to repeal §7431, thus, as intended by Congress, both §7431 and §7433 are available to taxpayers. §7431 was added as Pub. L. 97–248, title III, §357(a), Sept. 3, 1982, 96 Stat. 645, and has been amended five (5) times since its enactment. Three of the aforementioned amendments occurred after §7433 was added. Such a history clearly proves that Congress had ample opportunity to consider §7431 and §7433 on several occasions. Congress' intent that §7431 and §7433 be construed separately is most notably found in the fact that both provisions were last amended in the IRS Restructuring and Reform Act of 1998; §§ 3101(f) and 6012(b)(3) of

Pub. L. 105–206. Said amendment actually strengthened and expanded the scope of §7431 at the same time that §3102 added a provision regarding negligence to §7433.

Counsel seems to be attempting to persuade the Court[1] to dismiss Plaintiff's §7431 action because of her disagreement with Congress as to the availability of §7431. Counsel argues (Def.'s Mem. pg 7 ¶ 1) "To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation." Congress, however, has chosen to leave §7431 available to taxpayers. Plaintiff respectfully contends that the instant matter is properly brought under §7431, a statute made available by Congress to allow suits for unauthorized disclosure. Plaintiff is availing himself of §7431 exactly as Congress intended.

Counsel's numerous case citations are unpersuasive and certainly not precedent. As detailed in 18 Moore's Federal Practice § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); and *Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997). Counsel's citations regarding §7431 carry even less weight when contained, as they are by Counsel, in an argument which fluctuates between (dubiously) addressing the instant matter and a very

---

[1] Counsel's "CONCLUSION" (Def's Mem pg 15) actually proffers three alternatives questionably in support of defendant's motion to dismiss.

obvious desire to convince the Court the instant matter should somehow be converted to a §7433 action. Counsel presents an aspiration for the conversion of the instant matter into a §7433 action, rather than addressing the case at bar.

Counsel's citations of §7433 cases, and her opinions thereof, are completely immaterial in regards to this Plaintiff's §7431 action. Moreover, Counsel seeks not only to convert Plaintiff's action, but Counsel also seeks to convert the Court into a legislative forum. In the case of §7431 and §7433, Congress has already legislated its intent into the Law and subsequent amendments. Plaintiff respectfully submits that Title 26 U.S.C. §7431 must be available to Plaintiff as Congress intended. Attempts such as Counsel's, to use the Courts as legislative forums, have been struck down by the United States Supreme Court on several occasions.

The Supreme Court, in Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992), had this to say regarding attempts to restrict the scope of that which Congress has enacted:

> We expressly acknowledged that "if Congress had legislated the elements of a private cause of action for damages, the duty of the Judicial Branch would be to administer the law which Congress enacted; <u>the Judiciary may not circumscribe a right which Congress has conferred because of any disagreement it might have with Congress about the wisdom of creating so expansive a liability.</u>" (Emphasis added).

Such a mandate from the Supreme Court bears heavily against Counsel's invitation to the Court to somehow legislate away that which Congress has put into Law. Further, in *United States v. Turkette,* 452 U.S. 576, 587 (1981), the Supreme Court opined:

"That being the case, the courts are without authority to restrict the application of the statute."

Thus, Counsel's attempt to convert the Court into a legislative forum fails.

### COUNSEL CLAIMS KNOWLEDGE OF CONGRESS' INTENT

Counsel asserts, "Congress' intent was not to allow a taxpayer to receive double recovery for the same conduct or to shop for the more favorable remedial scheme." (Def's Mem pg 7 ¶ 1) This assertion of knowledge by Counsel contradicts Counsel's apparent desire to not recognize the fact that Congress clearly intends that both §7431 and §7433 remain available to taxpayers. As detailed in the legislative history of §7431, above, Congress has had many opportunities to amend or repeal §7431, but has instead strengthened said provision. The conspicuous presence of §7431 and its history of surviving legislative review is a clear indication Congress intends both §7431 and §7433 to remain available to taxpayers. Despite claiming to be knowledgeable of the intent of Congress, Counsel for the defendant appears to be unwilling to accept what is so obviously the true intent of Congress.

### COUNSEL'S ARGUMENT AGAINST HERSELF

Counsel argues that disclosure of confidential taxpayer information upon notices of lien is not actionable under §7431, because, in (one of) Counsel's view(s), notices of lien are collection tools. However, within Counsel's argument, she plainly states, "Had the information not have been disclosed, Plaintiff's creditors would have no way to

discover the existence of the lien." *i.e.*, notice of lien is a "notice" tool. (Def's Mem. pg 12 ¶ 2)

<u>Clearly, Counsel is aware of the fact that notices of lien are NOT collection tools</u>. Counsel admits and concedes no less through her affirmations and citations. Counsel eloquently argues against her assertions by affirming that such "notices" are designed to do just that: to put the public on "notice." In an attempt to bolster the "collection action" argument, Counsel then cites from *William E. Schrambling Accountancy Corp. v. United States*, 397 F.2d 1485, 1489 (9th Cir. 1991) the following:

> "Indeed, the purpose of recording the lien ... is to place the public on notice of the lien."

Thus, before reaching the end of a very detailed Memorandum, Counsel succeeds in defeating her own argument as to whether or not notices of lien are "collection actions".

As Counsel plainly states, and with the support of citing *Schrambling*, the filing of notices of lien is <u>not a collection action</u>. Rather, as held in *Schrambling*, "...the purpose of recording the lien ... is to place the public on notice of the lien."

## COUNSEL'S "NOTICE OF RELATED CASES"

Included in Counsel's mailing was a document entitled "Notice of Related Cases." Plaintiff is not familiar with the cases listed within Counsel's "Notice." However, such a "Notice" appears to be an incidental admission that the wrongdoing complained of by this Plaintiff is far more prevalent than this *Pro Se* Plaintiff had imagined. Specifically, defendant, by and with the assistance of Counsel, has raised the issue that the allegations

in the instant case are similar, if not identical, to at least twenty-three other cases filed with this Court.

Plaintiff, concerned only with the instant case, asserts that any alleged similarity to other cases is irrelevant in respect to the instant case, and draws the Court's attention to the fact that the alleged redundancy of such allegations, especially in the numbers asserted by Counsel, strongly indicates a pattern of unlawful activity on the part of defendant's agency as contemplated in the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961(5):

> (5) "pattern of racketeering activity" requires at least two acts of racketeering activity[2], one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity

Acts generally complained of by Plaintiff in the instant case arguably include, or necessarily lead, if true, to the requisite two (2) acts listed in 18U.S.C. § 1961(1), such as 1) extortion, by way of encumbering Plaintiff's property and offering Plaintiff release of such encumbrance only upon payment of un-assessed amounts, and acts indictable under 18 U.S.C. § 1028 and §1341, if committed by any other person, 18 U.S.C. § 1961(3) or enterprise 18 U.S.C. § 1961(4).

---

[2] As used in Title 18, Chapter 96- (1) "racketeering activity" means (A) any act or threat involving...extortion; (B) any act which is indictable under ... title 18, United States Code: section 1028 (relating to fraud and related activity in connection with identification documents), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement),section 1512 (relating to tampering with a witness, victim, or an informant), section 1513(relating to retaliating against a witness, victim, or an informant), sections 1581-1591 (relating to peonage, slavery, and trafficking in persons), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering) ...(F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens),

## DEFENDANT'S MOTION RELIES UPON AN ASPIRATION, NOT LAW

Counsel has gone to great lengths to attempt to convert the instant action into a §7433 suit. However, Plaintiff is correctly bringing the instant action under §7431. Defendant's motion fails in that said motion, dubiously supported by the memorandum thereof, relies solely upon Counsel's aspiration to have the Court "mis" treat the instant action as something it clearly is not. Failing to do so, Counsel has not effectively addressed Plaintiff's complaint, and cannot move the Court to act. Defendant's motion comes unsupported in that Counsel has chosen to ignore the material allegations contained in Plaintiff's complaint, and has instead argued against something not before the Court. Plaintiff's complaint is sworn testimony, and in affidavit form. As such, Plaintiff cannot be compelled by Counsel to alter said testimony. Nor can Counsel compel Plaintiff to retreat from a cause of action authorized and approved by Congress.

## CONCLUSION

Defendant's motion fails on every ground upon which it relies. Counsel for the defendant has not addressed the case at bar, and has instead invoked an unsubstantiated desire to convert the instant matter into something it is not. Plaintiff respectfully requests the Court deny defendant's motion to dismiss in its entirety.

Respectfully entered March 3, 2007.

_____
Robert Powell

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Opposition to Motion to Dismiss was served on March 3, 2007, by United States mail, postage pre-paid, to the following person, addressed as follows:

Anne E. Blaess
Trial Attorney, Tax Division
U.S. Department of Justice
6113 Judiciary Center Bldg.
555 Fourth Street, N.W.
Washington, DC 20001

_____
Robert Powell