IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT POWELL | ) | |
| | ) | |
|              Plaintiff, | ) | |
| | ) | |
|   v. | ) | Civil No. 1:06-cv-1860-RJL |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
|          Defendant. | ) | |

UNITED STATES' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  On February 5, 2007, the United States filed a fully supported motion to dismiss Plaintiff's complaint.  Plaintiff has opposed the motion to dismiss on several grounds.   This reply brief addresses only those points raised in Plaintiff's opposition that warrant a response.  With respect to those points not discussed herein, the United States relies upon its memorandum in support of the motion to dismiss.

2. <u>Plaintiff's opposition.</u>  Plaintiff's opposition attempts to make two points.  First, Plaintiff argues that the Court has jurisdiction over this claim pursuant to 26 U.S.C. § 7431, and that 26 U.S.C. §§ 7431 and 7433 must be construed to "coexist."  (Pltf.'s Opp. at

1

p. 1-3, 5.)  Second, Plaintiff argues that the filing of notices of federal tax liens lien is not a collection action.  (Pltf.'s Opp. at 5-6.)

Neither argument has any merit.

3.  <u>Sections 7431 and 7433 do not conflict and do "coexist."</u>  Plaintiff's "co-existence" argument misses the mark.  There is no doubt that sections 7431 and 7433 were intended by Congress to "coexist."  The exclusivity clause of section 7433(a) simply divides the tax administrative processes into two parts—the tax collection process and all other aspects of tax administration.  Wrongful disclosures of tax returns and return information—that is, violations of the Internal Revenue Code's confidentiality provision, section 6103—occurring during any phase of tax administration other than the tax collection process, are remedied by section 7431.  Violations of section 6103, along with violations of any other Code section except section 7432, occurring during the collection phase of tax administration, are subject to the remedial scheme of section 7433.  This remedial scheme may not be to Plaintiff's liking or understanding, but it is clearly what Congress intended in enacting the final sentence of section 7433(a).  The result is a multi-faceted remedial scheme that deals with violations of the Internal Revenue Code in a carefully structured way.

Specifically, once a tax has been assessed, and the collection phase begins, section 7433 provides a broadly applicable damages remedy for violations of any collection and collection-related procedures, whether statutory or regulatory.  Included within the broad coverage of section 7433 is section 6103.  Thus, *a wrongful disclosure occurring during*

*the collection process is to be addressed under section 7433.*  Under 7433, the aggrieved taxpayer can recover "actual, direct economic damages sustained by the plaintiff as a proximate result" of the statutory violation, but not more than $1,000,000.  26 U.S.C. § 7433(b).  Section 7432 provides a similar, unlimited, special damages remedy for a wrongful failure to release a tax lien.  26 U.S.C. § 7432(b).

In contrast to section 7433, section 7431 provides a damages remedy for wrongful disclosures occurring during any other phase of tax administration—including those disclosures happening during criminal investigations, assessment, and audit activity.  And although section 7431 is much narrower in its application, applying only to wrongful disclosures and inspections, it provides a more comprehensive damages scheme.  Section 7431 provides damages for the greater of "actual damages" suffered by a taxpayer or $1,000 per disclosure or inspection.  And a taxpayer who recovers actual damages on account of a willful, intentional, or grossly negligent violation, is also eligible to recover punitive damages.  26 U.S.C. § 7431(c).  Finally, section 7431 has its own attorney's fees recovery provision.  26 U.S.C. § 7431(c)(3).

Given these differences, the United States submits that the Court is bound to give effect to the statutory exclusivity clause contained in section 7433, and must hold that wrongful disclosures allegedly occurring during tax collection are subject to section 7433, not section 7431.

4.  <u>The filing of notices of federal tax liens is a collection activity.</u>  Plaintiff's argument that the filing of notices of federal tax liens is a notice tool rather than a

collection activity is without merit.  Contrary to Plaintiff's contention, the notices of

federal tax liens at issue in this case were filed in connection with the official duties of the

Internal Revenue Service in attempting to collect Plaintiff's tax liabilities.

Chapter 64 of the Internal Revenue Code addresses the issue of collection, and

section 6323 contained therein provides for the filing of notices of federal tax liens.

Accordingly, it is clear that Plaintiff's unauthorized disclosure claim relates to the

Service's collection activities.  See Opdahl v. United States, No. 98-0262, 2001 U.S. Dist.

LEXIS 14098 (D.D.C. Aug. 16, 2001) (stating that the filing of notices of liens is a collection

activity); Koerner, et al. v. United States, No. 06-1633, 2007 U.S. Dist. LEXIS 4403, at * 7

(Jan. 23, 2007) (stating that the filing of notices of liens occurs in connection with the IRS's

tax collection efforts).

CONCLUSION

It is the position of the United States that the motion to dismiss Plaintiff's

complaint should be granted.

DATE: March 12, 2007                              Respectfully submitted,

                                                  /s/ Anne E. Blaess
                                                 ANNE E. BLAESS
                                                 Trial Attorney, Tax Division
                                                 U.S. Department of Justice
                                                 Post Office Box 227
                                                 Washington, DC 20044
                                                 Telephone: (202) 616-9806
                                                 Facsimile: (202) 514-6966
                                                 Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

4

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFF'S

OPPOSITION TO MOTION TO DISMISS was caused to be served upon Plaintiff *pro se*

on the 12th day of March, 2007, by depositing a copy in the United States' mail, postage

prepaid, addressed as follows:

ROBERT POWELL
Plaintiff *Pro Se*
P.O. Box 40297
Memphis, TN 38174

                                              /s/ Anne E. Blaess
                                              ANNE E. BLAESS