UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 21 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ROBERT POWELL,           )
                         )
      Plaintiff,         )
                         )
      v.                 )   No. 06cv1860 (RJL)
                         )
UNITED STATES,           )
                         )
      Defendant.         )

## MEMORANDUM OPINION
(March ___, 2007) [#4]

Robert Powell, *pro se*, has sued the United States pursuant to 26 U.S.C. § 7431 alleging that agents of the Internal Revenue Service ("IRS") unlawfully disclosed his confidential tax return information when they caused notices of tax liens to be recorded with the Register of Deeds of Shelby County, Tennessee and the Clerk of the Chancery Court for Tate County, Mississippi. Currently before the Court is defendant's motion to dismiss for, *inter alia,* lack of subject matter jurisdiction. For the reasons set forth below, defendant's motion will be GRANTED.

### STANDARD OF REVIEW

"Once a defendant has moved to dismiss a case pursuant to Rule 12(b)(1), 'the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.' " *Lindsey v. United States*, 448 F.Supp.2d 37, 42 (D.D.C.2006) (quoting *Erby v. United States*, 424 F.Supp.2d 180, 182 (D.D.C.2006)).

"The [C]ourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Id.* at 42-43 (alteration in original) (quoting *Abu Ali v. Gonzales*, 387 F.Supp.2d 16, 17 (D.D.C.2005)).

## ANALYSIS

Under 26 U.S.C. § 6103, tax returns and return information must be kept confidential. 26 U.S.C. § 6103 (2006). Under § 7431, if "any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information ... in violation of any provision of section 6103, such taxpayer may bring a civil action for damages." 26 U.S.C. § 7431(a) (2006).

Section 7433, also creates a private right of action against the United States if "in connection with any collection of Federal tax ... any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of [Title 26], or any regulation promulgated under [that] title." 26 U.S.C. § 7433(a) (2006). Section § 7433 further provides that "[e]xcept as provided by section 7432, [a] civil action [under § 7433] shall be the exclusive remedy for recovering damages from such actions." *Id.*

Given its exclusivity provision, it remains unclear whether § 7433 bars suits brought under § 7431. Although our Circuit has not addressed the issue, given the plain language of § 7433 (which was added after § 7431 was enacted) the Court concludes that the statute provides the sole remedy for claims of unauthorized disclosure made in the

course of collection activity. *See Schwarz v. United States,* 234 F.3d 428 (9th Cir. 2000)(holding that § 7433 was the exclusive remedy for unauthorized disclosure claims); *Koerner v. United States,* 2007 WL 159716, slip op. (D.D.C. 2006)(holding that the court lacked subject matter jurisdiction over nearly identical claims because plaintiff had brought suit under § 7431).

As plaintiff's claims that the IRS illegally caused notice of his tax liens to be publicly recorded and as the filing of notice of a tax lien is considered a "collection activity," *see Opdahl v. United States,* 2001 WL 1137296 (D.D.C. 2001), plaintiff has improperly brought suit under § 7431. As a result, the Court lacks subject matter jurisdiction to hear plaintiff's claims. Accordingly, defendant's motion to dismiss will be GRANTED.

_____
RICHARD J. LEON
United States District Judge